**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MIGUEL ANTONIO GARCIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 22-2461 (UNA) |
| | ) |
| JOSEPH R. BIDEN, JR. *et al.*, | ) |
| *President*, | ) |
| | ) |
| Defendants. | ) |

**<u>MEMORANDUM OPINION</u>**

Plaintiff, appearing *pro se*, has filed a civil complaint, ECF No. 1, and a motion to proceed *in forma pauperis* (IFP), ECF No. 2.  The Court will grant the IFP motion and dismiss this action pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's case against governmental defendants if the court determines that the complaint fails to state a claim upon which relief may be granted or is frivolous.

Plaintiff is a federal prisoner who has sued President Joe Biden, several Assistant United States Attorneys ("AUSAs") in Denver, Colorado, and Colorado Governor Jared Polis.  The complaint, to the extent intelligible, arises from Plaintiff's jury convictions in the U.S. District Court for the District of Colorado.  *See United States v. Garcia*, 825 Fed. App'x 571, 573 (10th Cir. 2020).

Plaintiff seems to allege that his rights under the Second, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated when the AUSAs and law enforcement personnel conspired to fabricate evidence and to commit or suborn perjury during

grand jury proceedings and later at his trial.[1]  *See generally* Complaint.  Plaintiff seeks various forms of injunctive relief, including the elimination of mandatory minimum sentences for the crimes of which he was convicted, his "immediate release from prison," and the elimination of "the Heck rule."  *Id.* at 22-23.

In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court held that when a successful challenge to a criminal conviction would necessarily imply the invalidity of the conviction or sentence, the plaintiff cannot bring a civil action for damages without first invalidating the conviction through a sanctioned proceeding.  The D.C. Circuit has clarified that *Heck* also applies to lawsuits, such as this, for equitable relief.  *Harris v. Fulwood*, 611 Fed. App'x 1, 2 (D.C. Cir. 2015) (per curiam) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)).  Because Plaintiff's success on the current complaint would raise serious questions about the validity of his convictions, his claims "are not cognizable unless and until he meets the requirements of *Heck*."  *Id.*  Consequently, this case will be dismissed by separate order.

 

_____

JIA M. COBB
United States District Judge

Date:  September 28, 2022

---

[1]    The claim against President Biden and Governor Polis is premised on the implausible theory that those high-level officials were deliberatively indifferent to the alleged misconduct.  *See* Compl. at 10.  Because this claim lacks  an arguable basis "either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), it is dismissed as frivolous.